# EXHIBIT A

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

JIM MURPHY and MARY ANN MURPHY,
      Plaintiffs,
v.
                              CIVIL NO. CL12-1956

COMMONWEALTH ASSET SERVICE, LLC,
Substitute Trustees,
    SERVE: Jon M. Ahern, Esquire
           Pembroke One Building, 5th Floor
           281 Independence Blvd.,
           Virginia Beach, VA 23462-2989

OCWEN LOAN SERVICING, LLC,
SERVE: REGISTERED AGENT

LITTON LOAN SERVICNG,
SERVE: REGISTERED AGENT

BANK OF NEW YORK MELLON TRUST COMPANY , Trustee for the Holders
of SALMON BROTHERS MORTGAGE SECURITIES VII, INC., Series 2001-2
Certificates
SERVE : REGISTERED AGENT
      Defendants.

## COMPLAINT

NOW COMES the **Jim and Mary Ann Murphy**, (hereafter "Murphy") and for their

Complaint state as follows:

    1.     Murphy are the beneficial owners of the real property and improvements which

serve as their principal residence located at 3055 Tillman Road in the City of Norfolk, Virginia.

    2.     Defendant, **Commonwealth Asset Service LLC (hereafter**

**"Commonwealth"),** is the alleged Substitute Trustee, on that certain unreleased Deed of Trust

dated as of the 19th of July 1978 and recorded in Deed Book 1453 at page 301.

    3.     Defendant **Ocwen Loan Servicing LLC (hereafter "Ocwen"),** is the alleged

Servicer of the loan and the alleged attorney in fact for The Bank of New York Mellon Trust

1

Company, Trustee, noteholder for registered holders of the Salmon Brothers Mortgage Securities VII, Inc., Mortgage Certificates, Series 2001-2. allegedly secured by the unreleased Deed of Trust dated as of the 19th of July 1978 and recorded in Deed Book 1453 at page 301.

4. Defendant **The Bank of New York Mellon Trust Company, Trustee, (hereafter "BNY")** is the alleged Noteholder for registered holders of the Salmon Brothers Mortgage Securities VII, Inc., Mortgage Certificates, Series 2001-2. allegedly secured by the unreleased Deed of Trust dated as of the 19th of July 1978 and recorded in Deed Book 1453 at page 301.

5. Defendant **Litton Loan Servicing, LLC., (hereafter "Litton")** is the alleged prior Servicer of the loan and the alleged prior attorney in fact for The Bank of New York Mellon Trust Company, Trustee, Noteholder for registered holders of the Salmon Brothers Mortgage Securities VII, Inc., Mortgage Certificates, Series 2001-2. allegedly secured by the unreleased Deed of Trust dated as of the 19th of July 1978 and recorded in Deed Book 1453 at page 301

A copy of the Deed of Trust as recorded is attached hereto and incorporated herein as **Exhibit A.**

6. Jurisdiction and venue is proper in that the property lies in the city of Norfolk, Virginia.

7. The Deed of Trust was assigned by the Secretary of Housing and Urban Development to Salomon Brothers Realty Corp., without recourse on January 24, 2001 by instrument # 010031785, and duly recorded in the Clerk's office of the circuit Court of the City of Norfolk , on December 6, 2001. No further Assignment of the Deed of Trust or underlying Note appears in the Clerk's records, and no evidence has been produced by any defendant that it is the Holder of the Note.

2

A copy of the Assignment as recorded is attached hereto and incorporated herein as **Exhibit B**.

8. If paid according to its terms the Note and Deed of Trust were to have been paid and satisfied by August 2008.

9. Plaintiffs entered into an extension agreement in 1979 extending the term of the note by 4 months through December 2009.

10. Plaintiffs have faithfully paid the mortgage obligation every month for over thirty-two (32) years thereafter, have fully paid the obligation and in fact have overpaid the obligation for over three years of payments at Defendants' insistence. The Affidavit of Jim Murphy is attached as **Exhibit C**.

11. Plaintiffs are, and have been, entitled to complete release of the lien of the Deed of Trust and cancellation of the Promissory Note.

12. Defendant Litton has continued to assert that Plaintiffs are due for all payments on or after January 2009 and have further insisted that the Plaintiffs have made no payments since 1987.  Defendant Ocwen has insisted that the balance due on the account equals $22,000, i.e. very close to the original principle amount of $23,450. Neither Litton nor Ocwen can account for over thirty years of payments.

13. Despite the obviously flawed and/or missing accounting, Defendants have scheduled or threatened foreclosure on the alleged collateral on several occasions, and despite requests have refused to provide any record of the indebtedness, payment history or confirmed that they actually are the Holders of the original Note.

## COUNT I: BREACH OF CONTRACT

14. Plaintiffs re-allege and incorporate all prior paragraph as if fully set forth herein.

3

15. Defendants failure to acknowledge full payment of the obligation, release the Deed of Trust and return the Note marked paid is a breach of the contract as evidence by the Deed of Trust.

16 Pursuant to Virginia Code § 55-66.3, Plaintiffs are entitled to a judicial release of the Deed of Trust together with their costs and attorney's fees.

## COUNT II: FRAUD

17. Plaintiffs re-allege and incorporate all prior paragraph as if fully set forth herein

18. The conduct of the defendants constitutes fraud in that defendants are not Holders of the underlying Note at all, or in the alternative are not Holders of a valid Note, and have no authority to foreclose upon the subject real property.

19. The conduct of the Defendants constitutes fraud in that the defendants know that they are not entitled to collect on the obligation, in any way, but are continuing to seek collection.

## COUNT III: CONVERSION

20. Plaintiffs re-allege and incorporate all prior paragraph as if fully set forth herein

21. Defendants have collected the original principal owed of $23,450 plus interest, have converted the same to their own use and have failed to credit plaintiffs.

22. Defendants have collected monthly payments after the obligation was paid in full for over 35 additional months totaling approximately $9,000, the precise sum to be proven at trial,. have converted the same to their own use and have failed to credit plaintiffs.

## COUNT IV: COMMON LAW AND STATUTORY CONSPIRACY

23. Plaintiffs re-allege and incorporate all prior paragraph as if fully set forth herein

4

24. Conversion of Plaintiffs mortgage payments without crediting Plaintiff's obligation on the Note and Deed of Trust, is a wrongful act.

25. Collection of additional monies on threat of foreclosure after the original note was paid off is a wrongful act.

26. Failure to halt the pending foreclosure after the account was formally disputed is a wrongful act pursuant to the Fair Debt Collection Practices Act.

27. Failure to release the Deed of Trust within 30 days of full payment is a wrongful act.

28. The assertion of a false claim is a wrongful act.

29. Defendants conspired to deprive the plaintiffs of their home and property in violation of 18.2 -499, 500 and to benefit themselves in their business.

30. That as a result of Defendant's conspiracy, Plaintiffs have been damaged in their credit, damaged in their reputations, have suffered fear, humiliation and stress, all without justification or excuse.

WHEREFORE, Plaintiffs pray this Court enter its Order or Orders, jointly and severally against the defendants, and granting them:

i)      Release of the Deed of Trust pursuant to Va Code § 55-66.3 and statutory damages as therein provided.

ii)     A money Judgment for conversion of all monies paid under the Deed of Trust, including overpayments, which have not been credited to their account, together with punitive damages of $350,000, their costs and attorney's fees.

5

iii)   A money Judgment for Fraud in the sum of all overpayments, the precise amount to be determined at trial, together with punitive damages.

iv)   A money judgment in the full amount of their damages, the precise amount to be proven at trial, but not less than $100,000, trebled pursuant to Va Code § 18.2 - 500. such other relief as may be necessary.

TRIAL BY JURY IS DEMANDED


JIM and MARY ANN MURPHY

By:

Counsel

KELLAM, PICKRELL, COX & TAYLOE
A Professional Corporation
W. Greer McCreedy, II, VSB No. 27681
300 Bank of the Commonwealth Building
403 Boush Street
Norfolk, VA 23510
Tel. 757-627-8365; Fax. 757-625-2189

6

FHA NO. 541 113866 270 #3

This form is used in connection with deeds of trust insured under the one-to four-family provisions of the National Housing Act.

# DEED OF TRUST

THIS DEED, made this      19th      day of      July      , in the year 19 78 , between
JIM MURPHY and MARY ANN MURPHY, husband and wife,
party of the first part, and PHILIP M. STEWART      and    RICHARD P. WHITE,
Trustee, of Virginia Beach, Virginia and Roanoke County; either of whom may act.
party of the second part.
WITNESSETH, that said party of the first part does grant with General Warranty unto the said party of the second
part  the  following  property,  in  the      City      of      Norfolk      . /Veddy/;
and State of Virginia, to wit:

ALL THAT certain lot, piece or parcel of land, with the buildings and improvements
thereon, situate in the City of Norfolk, Virginia, and known, numbered and designat
Lot Five (5), Block Four (4), as shown on the plat of [....], 1 of Thor [...] Forest
Gardens, which plat is duly recorded in the Clerk's Office of the Circuit Court in
the City of Chesapeake, Virginia, in Map Book 25, at page 79.

IT BEING the same property conveyed to the said Grantors by deed of Newton S. Carte
and Eilene R. Carter, husband and wife, dated July 17, 1978, and intended to be
admitted to record simultaneously herewith as part of one and the same transaction.

AND IT IS MUTUALLY UNDERSTOOD AND AGREED by and between the parties hereto that all the buildings, wall
fences, shrubbery, driveways, improvements and fixtures of every kind, including stoves, refrigerators, ranges, cabinets, venet
blinds, heaters, boilers, radiators, engines, machines, motors, screens, blinds, doors, hardware, wires, switches, electric fixtures, fu
insulations, and all other water, plumbing, ventilating, and heating equipment, including stokers, oil burners, tanks, air condition
equipment now upon or which may hereafter be placed upon said property, shall be deemed to be fixtures and part of the rea
herein conveyed, and shall be deemed part of the security for the indebtedness herein mentioned, and shall be covered by this de
of trust

IN TRUST to secure to      CAMERON-BROWN COMPANY

a corporation organized and existing under the laws of   the State of North Carolina,
or its assigns, the payment of certain promissory note bearing even date herewith in the principal sum of
TWENTY THREE THOUSAND FOUR HUNDRED FIFTY AND NO/100----------------------------------Doll

($ 23,450.00          ) [...] nine and one half
cent[...]          9.30      %) per annum on the unpaid balance [...] monthly, [...] thirty [...] and
Mary Ann Murphy                payable to the order of   CAMERON-BROWN COMPANY

at its office in   Raleigh, North Carolina
or at such other place as the holder may designate in writing, the said principal and interest being payable in monthly installme
on account according to schedule Attached
[XXXXXXXXXXXXXXXXXXXXXXXXXX]from the first day of   September      , 1978 and a like sum on the first day of e
and every month thereafter until the note is fully paid, except that the entire indebtedness evidenced by said note, if not soo
paid, shall be due and payable on the first day of   August, 2008      . Deferred interest shall be added
to the principal balance monthly. The maximum aggregate amount by which said deferred interest
shall increase the principal is $1,161.17.
Also upon the further trust that the said party of the first part shall remain in quiet and peaceable possession of the ab
granted and described premises, and take the profits thereof to his own use, until default be made in the payment of any mo
of indebtedness hereby secured or in the performance of any of the covenants herein provided; and, also, to secure the reimbu
ment to the holder of said note and to the party hereto of the second part, or substitute Trustees, or Trustee, and any purchas
purchasers under any sale or sales as provided by this Trust, for any and all costs and expenses incurred in respect thereto, inclu
reasonable counsel fees incurred or paid on account of any litigation at law or in equity which may arise in respect to this Trust
to the indebtedness on the property heretofore mentioned, and counsel fees incurred or paid by any reason of any condemnatio
eminent domain proceeding in which the property hereby conveyed is involved or described, or in obtaining possession of the p
ises after any sale which may be made as hereinafter provided for.

In the event that default shall be made in the payment of the note secured hereby or of any monthly installment of prin
and interest as therein provided for, or in the payment of any of the monthly sums for taxes, special assessments, mortgage, or
other hazard insurance, all as hereinafter provided; or upon any default on payment on demand [...]
holder of said note on account of any proper cost, charge, commission, or expense in and about [...]
or in [...] of in[...]p[...], or expense of litigation, with interest thereon at the rate of [...] in
of such advance (it being hereby agreed that on default in the payment of any tax or assessment [...]
ment on account thereof, or in the payment of any said costs, expense of litigation, as afore[...]
the same, and all sum so advanced, with interest as aforesaid, shall immediately attach as a lien on [...] 9
mand), or upon failure or inability faithfully and fully to keep and perform any of the other conditions or covenants [...] in
vided; then upon any and every such default so made as aforesaid it is expressly covenanted and agreed by said party of the
part that the holder of the note may, after thirty days default, treat the whole principal debt hereby secured as thereupon it
diately due and payable, and shall in order to recover said principal debt or sum and interest thereon until paid, [...] there[...]
or thereafter at any time to sue thereon at law or in costs, or to[...]c[...] payment thereof by means of any remedy, or proa
in these presents contained; and these rights shall exist notwithstanding that by the terms of said principal note may [...] to [...]
face be due.

In the event of default occurring as described in the preceding paragraph the Trustees, or any one of them, the
cessors or assigns, on being requested so to do by the holder of the note shall offer such property hereby conveyed [...]
advertising the time, terms, and place of sale for five times in a newspaper published in, or having a general circulation in
county or city wherein the property lies, or by any other method of [...] which the Trustees may deem wise, which
shall be distributed by the Trustees in the following manner, to wit:

So much of the proceeds as may be necessary to defray the expense of executing this Trust, including a Trustees' commi
of      Five      per cent on [...] on the gross proceeds of sale hereunder, and all p

COMMONWEALTH OF VIRG



EXHIBIT

A

... of expenses, or expense of litigation as aforesaid, or taxes or assessments or insurance, with interest thereon as aforesaid, and all taxes, general and special, and assessments, due upon said land and premises at the time of sale, and to discharge the amount of money then payable upon the said note according to its tenor, together with all interest accrued and to accrue thereon up to the date of payment of the purchase money by the purchaser at such sale. And the Trustees or Trustee, shall pay the remainder of said proceeds, if any, to the party of the first part, upon delivery of and surrender to the purchaser of possession of the premises as afore-said, sold and conveyed, less the expense, if any, of obtaining possession. At any sale hereunder the Trustees, or the one acting, shall have authority and at their or his discretion to require any bidder to deposit prior to receiving his bid or to acknowledge down the property to run a bidder's deposit of not more than $2,345.00    before his bid is received, which shall be refunded to the bidder unless the property is sold to him; otherwise to be applied to his credit in settlement, or should he fail to complete his purchase promptly, to be applied to pay the costs and expenses of sale and the balance, if any, to be retained by the Trustees, or the one acting on the Trustees' behalf, as their or his compensation in connection with the sale.

If at the time of the sale the said Trustees, or the one acting, shall deem it best for any reason to postpone or continue said sale for one or more days, they or he may do so, in which event notice of such postponement or continuance, shall be made in such manner as the Trustees, or the one acting, may deem sufficient. It is further agreed that if the said property shall be advertised for sale as herein provided and not sold, the Trustees, or the one acting, shall be entitled to a reasonable commission, not exceeding one-half the commission above provided, to be computed on the amount of principal then unpaid

In the event of the resignation, death, incapacity, disability, removal, or absence from the State of Any Trustee or Trustees, or should either refuse to act or fail to execute this Trust when requested, then any other Trustee shall have all the rights, powers, and authority and be charged with the duties that are hereby conferred or charged upon both, and in such event, or at the option of the holder of the note and with or without cause the holder of the note is hereby authorized and empowered to appoint, and to substitute and appoint, by an instrument recorded wherever this Deed of Trust is recorded, a Trustee in the place and stead of any Trustee herein named or any succeeding or substitute Trustee, which appointed and Substitute Trustee or Trustees shall have all the duties, powers and authority and be charged with all the duties that are conferred or charged upon any Trustee or Trustees herein named

In addition to the causes hereinabove set forth for substitution of trustee, the owner of the debt hereby secured, for any other reason satisfactory to such owner, is hereby empowered to appoint another trustee in the place and stead of said trustee or any successor in trust, and the title hereby conveyed to said trustee shall be vested in said new trustee. Such appointment shall be in writing and shall be duly recorded as aforesaid.

And the said party of the first part, in order more fully to protect the security of this Deed of Trust, does hereby covenant and agree as follows:

1. That he will promptly pay the principal of and interest on the indebtedness evidenced by the said note, at the times and in the manner therein provided. Privilege is reserved to pay the debt in whole, or in an amount equal to one or more monthly payments on the principal that are next due on the note, on the first day of any month prior to maturity: provided, however, that written notice of an intention to exercise such privilege is given at least thirty (30) days prior to prepayment.

2. That, together with and in addition to the monthly payment of principal and interest payable under the terms of the note secured hereby, he will pay to the holder of the note, on the first day of each month until it is fully paid, the following sums:

   (a) An amount sufficient to provide the holder hereof with funds to pay the next mortgage insurance premium if this instrument and the bond or note secured hereby are insured, or a monthly charge (in lieu of a mortgage insurance premium) if they are held by the Secretary of Housing and Urban Development, as follows:
      (I) If and so long as said bond or note of even date and this instrument are insured or are reinsured under the provisions of the National Housing Act, an amount sufficient to accumulate in the hands of the holder one (1) month prior to its due date, the annual mortgage insurance premium, in order to provide such holder with funds to pay such premium to the Secretary of Housing and Urban Development pursuant to the National Housing Act, as amended, and applicable Regulations thereunder, or
      (II) If and so long as said bond or note of even date and this instrument are held by the Secretary of Housing and Urban Development, a monthly charge (in lieu of a mortgage insurance premium) which shall be in an amount equal to one-twelfth (1/12) of one-half (1/2) per centum of the average outstanding balance due on the bond or note computed without taking into account delinquencies or prepayments;

   (b) A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and assessments next due on the mortgaged property (all as estimated by the holder of the note) less all sums already paid therefor divided by the number of months to elapse before one (1) month prior to the date when such ground rents, premiums, taxes, and assessments will become delinquent, such sums to be held by the holder of the note in trust to pay said ground rents, premiums, taxes, and special assessments; and

   (c) All payments mentioned in the two preceding subsections of the paragraph and all payments to be made under the note and hereby shall be added together and the aggregate amount thereof shall be paid by the party of the first part each month in a single payment to be applied by the holder of the note to the following items in the order set forth:
      (I)   premium charges under the contract of insurance with the Secretary of Housing and Urban Development, or monthly charge (in lieu of a mortgage insurance premium), as the case may be;
      (II)  ground rents, taxes, special assessments, fire, and other hazard insurance premiums;
      (III) interest on the note secured hereby; and
      (IV)  amortization of the principal of said note.
      Any deficiency in the amount of such aggregate monthly payment shall, unless made good by the party of the first part prior to the due date of the next such payment, constitute an event of default under this Deed of Trust. The holder of the note may collect a "late charge" not to exceed four cents (4¢) for each dollar ($1) of each payment more than fifteen (15) days in arrears to cover the extra expense involved in handling delinquent payments.

3. If the total of the payments made by the party of the first part under (b) of paragraph 2 preceding shall exceed the amount of the payments actually made by the holder of the note secured hereby for ground rents, taxes, or assessments or insurance premiums, as the case may be, such excess, if the loan is current, at the option of the party of the first part, shall be credited on subsequent payments to be made by the party of the first part, or refunded to the party of the first part. If, however, the monthly payments made by the party of the first part, under (b) of paragraph 2 preceding, shall not be sufficient to pay ground rents and assessments, and insurance premiums, as the case may be, when the same shall become due and payable, then the party of the first part shall pay to the holder of said note any amount necessary to make up the deficiency, on or before the date of payment of such ground rents, taxes, assessments, or insurance premium shall be due. If at any time the party of the first part shall tender to the holder of said note, in accordance with the provisions of full payment of the entire indebtedness represented thereby, the said holder shall, in computing the amount of such indebtedness, credit to the account of the party of the first part all payments made under the provisions of (a) of paragraph 2 which the holder of the note has not become obligated to pay to the Secretary of Housing and Urban Development, and any balance remaining in the funds accumulated under the provisions of (b) of paragraph 2 hereof. If there shall be a default under any of the provisions of this Deed of Trust resulting in a public sale of the premises covered hereby, or if the property is otherwise acquired by the holder after default, the holder shall apply, at the time of the commencement of such proceedings, or at the time the property is otherwise acquired, the balance then remaining in the funds accumulated under (b) of paragraph 2 preceding, as a credit against the amount of

4. That he will keep the improvements now existing or hereafter erected on the said premises, insured as may be requir from time-to-time by the holder of the note against loss-by-fire-in-the-sum-of-at-least-Twenty-Three-Thousand Four Hu Fifty            dollars and other hazards, casualties, and contingencies, in such amounts and for such periods as may be requir by the holder of the note, and will pay promptly, when due, any premiums on such insurance provision for the payment of which has not been made hereinbefore. All insurance shall be carried in companies approved by the holder of the note and the polic and renewals thereof shall be held by the holder of the note and have attached thereto mortgagee's clause without contribution favor of and in form acceptable to the holder of the note. All such policies and renewals and all other policies issued and hereaft to be so and covering said premises are hereby assigned to the holder of the note as additional security for the payment of all sun and interest secured hereby. The party of the first part further convenants that in the event of his failure to keep the property insured and the policies so deposited, then the holder of the note may at his option, but without any obligation to effect the san effect such insurance and pay the premiums thereon and the money so paid, with interest thereon, shall become a part of the de hereby secured, and shall be otherwise recoverable from the party of the first part as a debt. In the event of foreclosure of this De of Trust of other transfer of title to the said premises in extinguishment of the indebtedness secured hereby, all right, title, and i terest of the party of the first part in and to any insurance policies then in force shall pass to the purchaser or grantee.

5. That he will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, impositions, l which provision has not been made heretofore, and in default thereof the holder of the note secured hereby may pay the same, as that he will promptly delivery the official receipts therefor to the said holder.

6. The party of the first part further assigns unto the holder of the note, as additional security, any rents which may now hereafter be due upon the real estate above described, it being understood that in event it becomes necessary by reason of defau under any of the terms hereof for the holder of the note to collect said rents, the holder of the note shall have the right and privile of employing agents for that purpose and paying a percentage of the rents collected to such agents for such collection.

7. That if the premises covered hereby, or any part thereof, shall be damaged by fire or other hazard against which insuran is held as hereinbefore provided, the amounts paid by any insurance company pursuant to the contract of insurance shall, to the e tent of the indebtedness then remaining unpaid, be paid to the holder of the note secured hereby, and, at its option, may be appli to the debt or released for the repairing or rebuilding of the premises.

8. That he will keep the said premises in as good order and condition as they are now and will not commit or permit any was of the said premises, reasonable wear and tear excepted.

9. That if the premises, or any part thereof, be condemned under any power of eminent domain, or acquired for a public us the damages, proceeds, and the consideration for such acquisition, to the extent of the full amount of indebtedness upon this De of Trust, and the note secured hereby remaining unpaid, are hereby assigned by the party of the first part to the holder of the no and shall be paid forthwith to the holder of the note to be applied by it on account of the indebtedness secured hereby, whether du or not.

10. That should this Deed of Trust and the note secured hereby not be eligible for insurance under the National Housing A within  sixty     from the date hereof (written statement of any officer of the Department of Housing and Urban Developme or authorized agent of the Secretary of Housing and Urban Development dated subsequent to the  aforesaid       time fro the date of this Deed of Trust, declining to insure said note and this Deed of Trust, being deemed conclusive proof of such ineli bility), the holder of the note secured hereby may, at its option, declare all sums secured hereby immediately due and payab

Notice of the exercise of any option granted herein, or in the note secured hereby, to the holder thereof, is not required to given.

11. Upon the full payment of said note, and the interest thereon, and all moneys advanced or expended, as herein provided, an all other proper costs, charges, commissions, half-commissions, and expenses, the party of the second part shall release and reconve the above-described premises unto and at the cost of party of the first part.

The party of the first part hereby waives the benefit of all homestead exemption as to the debt secured by this deed and as any expenditure for insurance, taxes, levies, assessments, dues or charges, by the holder of the note in pursuance of this dee

The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors a ate  istors, successors, and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plur the singular, and the use of any gender shall include all other genders.

WITNESS the following signature(s) and seal(s).

                                              Jim Murphy                                  (SEA
                                              Mary Ann Murphy                             (SEA
                                                                                          (SEA
                                                                                          (SEA

STATE OF VIRGINIA                )
CITY OF VIRGINIA BEACH           )  TO WIT:
COUNTY OF                        )

I,  Jo Ann N. Griggs         , a Notary Public for the  City            afor said in the State of Virginia, do certify that  Jim Murphy and Mary Ann Murphy
                              , whose names  are       signed to writing above, bearing date on th
     19th      day of  July        , 19 78  have    acknowledged the same before me in m
     City                        and State aforesaid.
Give under my hand this      19th      day of  July         , 19 6 .
My commission expires on the  13th      day of  June         , 19 81.

                                                                                    Notary Pub
Received for Record on the           day of          A. D. 19   at          o'clock    M., an
recorded in Liber No        at folio    , one of the  these Records of the Commonwealth of Virginia, an examined by

6-3 624-001                                              Recorder
                                                                    FHA-2157V

SCHEDULE A

| PLANS I, II or III | | PLANS IV or V | |
|---|---|---|---|
| $ 149.42 | during the 1st note year | $ | during the 1st note year |
| 160.63 | during the 2nd note year | | during the 2nd note year |
| 172.67 | during the 3rd note year | | during the 3rd note year |
| 185.63 | during the 4th note year | | during the 4th note year |
| 199.55 | during the 5th note year | | during the 5th note year |
| 214.51 | during the 6th note year and thereafter | | during the 6th note year |
| | | | during the 7th note year |
| | | | during the 8th note year |
| | | | during the 9th note year |
| | | | during the 10th note year |
| | | | during the 11th note year and thereafter |

Date   July 19, 1978

Jim Murphy

Date   July 19, 1978

Mary Ann Murphy

Date

other hazard insurance, all as hereinafter provided; ... upon any
holder of said note on account of any proper cost, charge, commission, or expense in and about ...
or ... amount of insurance, or expense of litigation, with interest thereon at the rate ... forth in
of such advance (it being hereby agreed that on default in the payment of any tax or ... debt ...
ment on account thereof, or in the payment of any said costs, expense of litigation, at afore ...
the same, and all sums so advanced, with interest as aforesaid, shall immediately attach as a lie ... on ...
mand), or upon failure or inability faithfully and fully to keep and perform any of the other conditions or covenant ... in pr ...
vid ... i; then upon any and every such default so mad ... as aforesaid it is expressly co ... enanted and agreed by said party of the fir ...
part that the holder of the note may, after thirty d ... ... default, treat the whole principal debt hereby secured as thereupon imm ...
thately due and payable, and shall in order to reco ... and point, poll ... ble or sum an ... interest thereon until paid, have the right th ...
or thereafter at any time to sue thereon at law or in ... quity, or ... ... payment ... ereof by means of any remedies or pros h ...
in these presents contained; and these rights shall exist ... that by the terms of said principal note it may not on ...
face be due.

In the event of default occurring as described in the proce ... ... the Trustees, or any one of them, their ...
cessors or assigns, on being requested so to do by the holder of the ... ... ch the property hereby conveyed after fi ...
advertising the time, terms, and place o ... sale for five times in some news ... ... la, or having a general circulation in t ...
county or city wherein the property lies, or by any other method of ... ... that the Trustees may deem wise, which ca ...
shall be distributed by the Trustees in the following manner, to v it.

So much of the proceeds as may be necessary to defray the ... ... this trust, including a Trustees' commis ...
of   five   per centum (   5.00   ) on the ... proceeds of sale hereunder, and all prop ...

COMMONWEALTH OF VIRGINI...

Instrument Control Number

DEC.06  010031785

893

## Commonwealth of Virginia
## Land Record Instruments
## Cover Sheet - Form A

[ILS VLR Cover Sheet Agent 1.0.68]

| | |
|---|---|
| Date of Instrument: | [1/24/2001  ] |
| Instrument Type: | [ASGMT  ] |
| Number of Parcels | [   1] |
| Number of Pages | [   2] |
| City [x] County ☐ | [City Of Norfolk  ] |

(Box for Deed Stamp Only)

**First and Second Grantors**

| Last Name | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|
| [SECRETARY OF | ] [HOUSING AND URBAN D  ] [ | ] [ | ] |
| [ | ] [ | ] [ | ] |

**First and Second Grantees**

| Last Name | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|
| [SALOMON BROTHERS ] [REALTY C ORP | ] [ | ] [ | ] |
| [ | ] [ | ] [ | ] |

| | | |
|---|---|---|
| Grantee Address | (Name) | [SALOMON BROTHERS REALTY CORP ] |
| | (Address 1) | [390 GREENWICH ST., 4TH FLR ] |
| | (Address 2) | [ ] |
| | (City, State, Zip) | [NEW YORK  ] [NY ] [10013 ] |
| Consideration [0.00 | ] Existing Debt [0.00 | ] Assumption Balance [0.00 ] |

| | |
|---|---|
| Prior Instr. Recorded at: City [x] County ☐ [City Of Norfolk  ] Percent. In this Juris. [  100] |
| Book  [1453 ]  Page  [301  ]  Instr. No [  ] |
| Parcel Identification No (PIN)  [ ] |
| Tax Map Num.  (If different than PIN)  [ ] |
| Short Property Description  [ ] |
| Current Property Address (Address 1)  [3055 TILLMAN ROAD ] |
| (Address 2)  [ ] |
| (City, State, Zip)  [NORFOLK  ] [VA ] [23513 ] |

| | | |
|---|---|---|
| Instrument Prepared by | [SMI ] | |
| Recording Paid for by | [FIRST AMERICAN TITLE ] | |
| Return Recording to  (Name) | [FIRST AMERICAN TITLE ] | |
| (Address 1) | [3 FIRST AMERICAN WAY ] | |
| (Address 2) | [ ] | |
| (City, State, Zip) | [SANTA ANA  ] [CA ] [92707 ] | |
| Customer Case ID | [870867  ] [10017200  ] [ ] | |

Cover Sheet Page # 1 of 1

EXHIBIT
B

4    89.1

PREPARED BY: SMI

*When Recorded Return To:*
First American Title Lenders Advantage
3 First American Way    870867
Santa Ana, CA 92707
*Attn. NDS Recording Department*

Poct    0
Loan Number    069237377
FHA Number   541113866727

665_2001 /00/ 72 00    (Space Above this Line For Recorder's Use Only)

## ASSIGNMENT of DEED OF TRUST

STATE OF VIRGINIA                  KNOW ALL MEN BY THESE PRESENTS:
CITY OF NORFOLK

That SECRETARY OF HOUSING AND URBAN DEVELOPMENT, A FEDERAL AGENCY ('Grantor'), acting herein by and through a duly authorized officer, the owner and holder of one certain promissory note executed by JIM MURPHY AND MARY ANN MURPHY ('Grantor(s)') secured by a Deed of Trust of even date therewith from Grantor(s) for the benefit of the holder of the said note, which was recorded on the lot(s), or parcel(s) of land described therein situated in the City of Norfolk, State of Virginia:

Recording Ref:  Book 1453, Page No. 301
Property Address:  3055 TILLMAN ROAD
                   NORFOLK VA 23513

For and in consideration of the sum of Ten and No/100 dollars ($10.00), and other good valuable and sufficient consideration paid, the receipt of which is hereby acknowledged, does hereby transfer and assign, set over and deliver unto SALOMON BROTHERS REALTY CORP., WITHOUT RECOURSE (Grantee) all beneficial interest in and to title to said Deed of Trust, together with the note and all other liens against said property securing the payment thereof, and all title held by the undersigned in and to said land.

TO HAVE AND TO HOLD unto said Grantee said above described Deed of Trust and note, together with all and singular the liens, rights, equities, title and estate in said real estate therein described securing the payment thereof, or otherwise.

Effective this the 1st day of December A.D.       SECRETARY OF HOUSING AND URBAN
2000 and executed this the 24th day of            DEVELOPMENT, A FEDERAL AGENCY
January A.D. 2001.
                                                  By: _____

                                                  LELA DEROUEN
TAX ID#: 3197600                                  ASSISTANT VICE PRESIDENT
                                                  Litton Loan Servicing LP
                                                  By Power Of Attorney for Secretary of Housing
                                                  and Urban Development, A Federal Agency

THE STATE OF TEXAS
COUNTY OF HARRIS
On this the 24th day of January A.D. 2001, before me, a Notary Public, appeared LELA DEROUEN to me personally known, who being by me duly sworn, did say that (s)he is the ASSISTANT VICE PRESIDENT of LITTON LOAN SERVICING LP, BY POWER OF ATTORNEY FOR SECRETARY OF HOUSING AND URBAN DEVELOPMENT, A FEDERAL AGENCY, and that said instrument was signed on behalf of said corporation by authority of its Board of Directors, and said LELA DEROUEN acknowledged said instrument to be the free act and deed of said corporation.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

Elizabeth H. Willard
Notary Public, State of Texas
My Commission Expires
12-08-2004



ELIZABETH H. WILLARD
MY COMMISSION EXPIRES 12/08/2004

Assignee's Address:                    Assignor's Address:
390 GREENWICH STREET, 4th FLOOR        451 - 7th STREET SW
NEW YORK, NY 10013                     WASHINGTON, DC 20410

INSTRUMENT #010031785
RECORDED IN THE CLERK'S OFFICE OF
NORFOLK ON
DECEMBER 6, 2001 AT 02:55PM
ALBERT TEICH, JR., CLERK

BY: _____S. Anders_____ (DC)

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

JIM MURPHY and MARY ANN MURPHY,
Plaintiffs,

v.                                                    CIVIL NO._____

COMMONWEALTH ASSET SERVICE,LLC,
Substitute Trustees, et als.,
Defendants.

**AFFIDAVIT**

THIS DAY personally appeared JIM MURPHY, a Plaintiff herein, before the undersigned Notary Public and having been first duly sworn, deposes as follows: that to the best of his knowledge, information and belief the matters stated in the COMPLAINT and MOTION FOR INJUNCTION are true; that he has made every mortgage payment, every month, for over 30 years through October 2011. That the mortgage obligation on 3055 Tillman Road, Norfolk, Virginia has not been modified or refinanced and I believe that the obligation has been paid in full.

By_____
JIM MURPHY

COMMONWEALTH OF VIRGINIA
CITY OF NORFOLK, TO WIT:

Sworn to and subscribed before me, the undersigned Notary Public, in the City and State aforesaid by JIM MURPHY, Plaintiff, this _10_ day of March, 2012.

_____
NOTARY PUBLIC

My Commission Expires: 9-30-2015

NOTARY
REG.# 210426
PUBLIC

EXHIBIT
C